THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
JOHN E. CASTIGLIONE, Defendant-Appellee.

First District (3rd Division) No. 78-1815

Opinion filed August 22, 1979.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Steven M. Levin, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

Police investigating a broken window in a closed gas station discovered the defendant, John E. Castiglione, hiding inside. He was charged with burglary and found guilty in a bench trial. Castiglione admitted that he broke the window and illegally entered the station, but denied that he had the requisite specific intent for burglary. (Ill. Rev. Stat. 1977, ch. 38, par. 19—1.) Rather, he testified that he broke the window because he was in a foul mood after drinking beer for several hours. He explained that he entered the station through the broken window to avoid being seen by police in a rapidly approaching squad car.

In finding Castiglione guilty, the trial judge stated that Castiglione had related two different versions of where the squad car was when he observed it; one with the police car approaching the station on Artesian Avenue and another with the car approaching on Western Avenue. Such a discrepancy was significant, as the judge observed, because from where Castiglione said he was standing, it would have been impossible for him

to see the squad car on Artesian. From this, it could be inferred that Castiglione had not seen the police at all, and had entered the station with the intent to commit a burglary. The trial judge said that Castiglione's testimony was "beyond belief."

Castiglione subsequently filed a motion for a new trial, asserting that the trial judge's belief that there was an inconsistency in his testimony was not well founded. A review of the trial transcript revealed that Castiglione had indeed not stated that he saw a squad car on two streets. Upon realizing that he had misunderstood or misstated the evidence, the trial judge ordered a new trial, explaining his reasons as follows:

"THE COURT: Well, apparently I was mistaken in determining, or in assuming that I heard the defendant say that he saw the squad car on Artesian and the question in my mind is whether—well, first, whether my decision was based on this fact; it is a matter that I considered.

And the, the next question is because I indicated that I considered it and I did as one of the factors in determining the credibility of witnesses—and the difficulty I have under the circumstances is I can say to myself that I could decide because of the nature of the charge and what I considered to be rather an unreasonable explanation by the defendant for doing what he did; whether there would be sufficient evidence to find him guilty; whether I considered that, or not.

But the fact is, at the time I found him guilty I did consider it so, accordingly there is no question in my mind as to whether it was a factor, or not. I feel constrained to give Mr. Castiglione a new trial. Motion for a new trial granted."

At the same time, the trial judge transferred the case for reassignment and the case was sent to a new judge.

Before a new trial commenced, Castiglione presented a motion to the new judge seeking the dismissal of the indictment on the ground that reprosecution would subject him to double jeopardy in violation of the Federal and Illinois constitutions (U.S. Const., amend. V; Ill. Const. 1970, art. I, §10; Ill. Rev. Stat. 1977, ch. 38, par. 3—4(a)(1)). In support of this motion, Castiglione relied on several decisions including *Burks v. United States* (1978), 437 U.S. 1, 57 L. Ed. 2d 1, 98 S. Ct. 2141; *People v. Woodall* (1975), 61 Ill. 2d 60, 329 N.E.2d 203; *People v. Hammond* (1974), 18 Ill. App. 3d 693, 310 N.E.2d 485; and *People v. Brown* (1968), 99 Ill. App. 2d 281, 241 N.E.2d 653, all of which held that a second prosecution was barred after an earlier determination that the evidence was insufficient to warrant a conviction.

The new judge allowed the motion and dismissed the indictment. He justified his dismissal order by stating that the only explanation for the

order granting a new trial was the trial judge's belief that after the misunderstood evidence was removed from consideration, the remaining evidence was insufficient for conviction. The new judge's conclusion was based entirely on his interpretation of the trial judge's remarks set forth above. This court is in as good a position as the new judge to review and construe the remarks of the trial judge, and to decide what he meant. We find no support in any of the trial judge's remarks, either those explaining why he found Castiglione guilty or those explaining why he granted a new trial, or in his order, for the conclusion the new judge reached and the defendant contends it is incumbent on this court to accept.

Our understanding of what the trial judge meant is: In a case such as this which rests so heavily on an evaluation of the credibility of the witnesses, a judge should be free of preconceptions which might sway his judgment or lead him to attempt to reach a conclusion consistent with his previous decision. Acknowledging that in assessing Castiglione's credibility he had taken into account the evidence as he misunderstood it, the trial judge felt in the interest of fairness to the defendant that Castiglione's credibility should be appraised by a judge who had not previously evaluated it on the basis of a misunderstanding. For that reason, he felt "constrained" to have a new judge rehear the case and pass upon Castiglione's credibility.

Although the trial judge did not expressly state that the evidence was sufficient for conviction, he did point out in granting a new trial that he considered that defendant offered "rather an unreasonable explanation * * * for doing what he did." He also observed that the misunderstood evidence was only "one of the factors" he relied upon in determining the credibility of witnesses. The report of proceedings reveals another factor that the trial judge commented upon at the end of the trial in evaluating Castiglione's credibility. In explaining why he was finding the defendant guilty, the trial judge said:

"Now, the testimony of the officers, one of them said that there was ten minutes that lapsed before they drove through the gas station and another one said two minutes. I don't know if it's the same squadcar or not because he said first Artesian and then Western. In any event he would have had time in the two minutes to turn from the gas station before he saw the squadcar which meant in that event he'd have to turn around and jump through the window. The story is beyond belief and he'll be found guilty."

Thus, an additional reason for the trial judge's disbelief of Castiglione's explanation was that the evidence showed that Castiglione had a means of escaping the police other than by hiding in the gas station. This comment establishes that apart from the factor of the misunderstood evidence, the trial judge heard other evidence which led him to believe

that Castiglione's explanation was unreasonable and his testimony was not truthful. Based on the statements of the trial judge set forth above, we conclude that he did find sufficient evidence to convict Castiglione, but ordered a new trial to ensure that the evaluation of Castiglione's credibility would be free from the influence of his error in recalling what Castiglione's testimony had been.

The Illinois statute designed to protect an accused against double jeopardy (section 3—4(a)(1) of the Criminal Code) provides that a subsequent prosecution is barred where a former prosecution resulted in a determination that the evidence was insufficient to warrant a conviction. The trial judge made no such determination. He did not find that the evidence was insufficient to warrant conviction or that the prosecution had failed to prove the defendant's guilt beyond a reasonable doubt. Neither did he say that he would have found the defendant's testimony credible or acquitted him had he not misunderstood that testimony.

The defendant's reliance upon *Woodall* is not helpful to him because in that case the court concluded that "when the trial judge allowed the defendant's motion to dismiss the indictment there had been a prior determination by him that the evidence was insufficient to warrant the defendant's conviction and that he had regarded his granting a new trial to have been the equivalent of adjudging the defendant to have been not guilty." (*Woodall*, 60, 64.) In *Woodall*, the court emphasized that the trial judge had observed that his granting of a new trial "was tantamount to a decision of not guilty." And, the court in commenting upon this statement said:

> "In making this statement the judge clearly had in mind section 3—4(d)(2), which * * * indirectly states that a prosecution will be barred if the reversal or other invalidations of the conviction includes a judging of the defendant to be not guilty. Thus, the trial judge when stating that his granting of a new trial 'was tantamount to a decision of not guilty' was saying that within the meaning of section 3—4(d)(2) he considered the defendant to have been adjudged not guilty." 61 Ill. 2d 60, 64.

The trial judge in this case made no comparable statement. And, if it had been his intention to indicate by granting a new trial that he felt Castiglione was not guilty, we do not understand the reason for his assigning the case to a new judge for retrial.

*Burks v. United States* (1978), 437 U.S. 1, 57 L. Ed. 2d 1, 98 S. Ct. 2141, and *People v. Brown* (1968), 99 Ill. App. 2d 281, 241 N.E.2d 653 are also of no assistance to Castiglione. They hold that where a reviewing court reverses a conviction because the evidence raised a reasonable doubt of guilt, the defendant cannot be retried so as to give the State an

opportunity to bring forth additional evidence or bolster its witnesses. In *Brown*, the court said:

"The reason for the reversal should thus control the decision as to whether or not there should be another trial." 99 Ill. App. 2d 281, 302.

The reason for the reversal here is that the trial judge in a bench trial did not consider it appropriate or fair for him to decide whether the defendant was credible after already having found and announced partly on the basis of evidence he misunderstood that the defendant was not credible. This reason does not militate against a second trial.

In *Burks*, the court noted that double jeopardy does not preclude retrial where the reason for reversal is a trial error, that is, a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, as distinguished from evidentiary insufficiency. The defect in the judicial process which calls for a fair readjudication of Castiglione's guilt free from error is that one of the factors which led the trial judge to find the defendant guilty was his misunderstanding of the evidence. However, there was no acknowledgment, determination or indication by the trial judge that the reason for granting a new trial was evidentiary insufficiency.

The order dismissing the burglary indictment against Castiglione is vacated and this cause is remanded for trial.

Order vacated and cause remanded.

McGILLICUDDY and RIZZI, JJ., concur.