Henry BANKS, Petitioner–Appellant,

v.

Craig HANKS, Respondent–Appellee.

No. 94–2065.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 16, 1994.

Decided Dec. 7, 1994.

John Pinnow, Greenwood, IN, for petitioner-appellant.

Thomas D. Quigley, Office of Atty. Gen., Indianapolis, IN, for respondent-appellee.

Before POSNER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

Henry Banks specializes in robbing cab drivers. While on parole following imprisonment for one such theft, he was arrested for robbing and kidnapping another taxi driver. (He locked the driver in the trunk and sped off with the cab as well as the cabbie's money.) Five days later, Banks was charged with another robbery; the cab driver in this episode died after Banks stabbed him. While being interrogated concerning the murder, Banks expressed willingness to say a few things about the kidnapping and made damaging admissions. Banks then pleaded guilty to kidnapping and murder as part of a deal that enabled him to avoid all risk of capital punishment. He was sentenced to 40 years' imprisonment for the kidnapping, to be followed by 60 years' imprisonment for the murder.

Later Banks sought collateral relief on both convictions. His wish was granted for the murder conviction. Although Banks admitted stabbing the cabbie, he denied intending his death; the judge held that he should be allowed to present this claim to a jury. The judge declined to set aside the kidnapping conviction, however. Banks argued to the trial judge, the Court of Appeals of Indiana, the federal district court, and now to us, that the kidnapping conviction is invalid because he received substandard legal assistance.

By the time Banks was charged with murder, counsel had been appointed for him on the robbery and kidnapping charges. The police knew this when they interrogated Banks on the murder charge, but they did not inform Rick Mendez, the lawyer. Mendez was appointed to represent Banks on the murder charge too, and he told Banks that the prosecutor could use the confessions at trial. That is not necessarily so. True enough, Banks would have had no one but himself to blame if in the course of talking about the murder he gave inculpatory information about the kidnapping. The right to counsel is offense-specific. An appointment of counsel on one charge does not carry over to another, so the police were free to ask Banks questions about the murder. See *McNeil v. Wisconsin*, 501 U.S. 171, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991). (*Miranda* warnings remained essential, but the police delivered the necessary advice and Banks agreed to talk without the presence of a lawyer.) Interrogation on the first charge was a different matter; the police needed to obtain the approval of Mendez before they could ask about the kidnapping. *Michigan v. Jackson*, 475 U.S. 625, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986). Although the record is not clear, we assume that the police asked questions about the kidnapping, and that *Jackson* therefore barred the state from introducing the resulting statement into evidence. Because *Jackson* had been decided more than a year before the interrogation, Mendez gave Banks bad advice on the question whether the state could use the confession at a trial.

Deficient advice does not establish constitutionally ineffective assistance of counsel, however. The prisoner must show that the errors prejudiced him. For a person who pleaded guilty, this entails proof of "a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). At an evidentiary hearing in state court, Banks gave his word that he would have stood trial had the confession been challenged and suppressed. The judge disbelieved him, observing that even without the confession the evidence was compelling. Banks had an accomplice who provided the prosecutor with details of the crime; the driver's leather jacket was recovered from the accomplice; the driver positively identified Banks. And Banks had other reasons for pleading guilty—chief among them, according to his own testimony, his desire to avoid the death penalty. The state's appellate court endorsed the trial judge's assessment of Banks's likely course of action, and the district judge concluded that this ends the matter—for the judge held that a state court's understanding of the defendant's likely actions is a finding of "fact" for purposes of 28 U.S.C. § 2254(d), and therefore dispositive unless one of the criteria that statute specified for reexamining factual decisions is present. None of the statutory criteria applies, so, if the district court is right about the classification of the guilty plea decision as a matter of "fact," Banks must lose.

Banks pleaded guilty. What he would have done had his lawyer handled the case differently is not something human senses can perceive. It is a counterfactual proposition. Still, ascertaining (more accurately, assessing the probabilities about) whether Banks would have pleaded guilty had the confession been suppressed depends on conclusions about his mental state and how he would have reacted to marginal changes in the power of the state's case. Propositions about a person's mental condition, inclinations, and reasoning processes are propositions about the state of the world (that is, about "facts"), even though they cannot be measured by calipers or detected by tomography. "The state of a man's mind is as much a fact as the state of his digestion. It is true that it is very difficult to prove . . . , but if it can be ascertained it is as much a fact as anything else." *Edgington v. Fitzmaurice*, 29 Ch.Div. 459, 483 (1885). Every day juries determine whether defendants intended the deaths of victims, and in assessing a claim of self defense the jurors decide whether the defendant would have struck a deadly blow even if the victim had remained passive. No one doubts that the jurors are making factual decisions in both cases, although the latter entails a counterfactual

proposition. See *Arave v. Creech*, —— U.S. ——, —— – ——, 113 S.Ct. 1534, 1541–42, 123 L.Ed.2d 188 (1993). In employment-discrimination cases, the question whether the employer took the employee's race into account is one of fact, *Pullman–Standard v. Swint*, 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982), although this too presents a counterfactual—whether, if the employee's race had been different, the employer would have made the same decision anyway.

Just so with mental states pertinent to collateral attacks on criminal convictions. *Miller v. Fenton*, 474 U.S. 104, 113, 106 S.Ct. 445, 451, 88 L.Ed.2d 405 (1985); *Marshall v. Lonberger*, 459 U.S. 422, 431–34, 103 S.Ct. 843, 849–50, 74 L.Ed.2d 646 (1983). This led us in *Johnson v. Trigg*, 28 F.3d 639, 643–44 (7th Cir.1994), to treat as a "fact" the answer to the counterfactual: "Would the suspect have confessed if the police had not arrested his mother?" (We thought that the state judge's observation on this issue was not a formal finding, but that is a detail.) Whether Banks would have pleaded guilty if he had received better advice is a similar counterfactual that is answered by combining inferences about the defendant's mental state with knowledge about the surrounding circumstances. An answer one way or the other therefore is a "fact." That it is also the "ultimate fact" dispositive in this collateral attack does not matter; *Pullman–Standard* abolished any difference in the treatment of "mere" and "ultimate" facts. See *Marshall*, 459 U.S. at 434, 103 S.Ct. at 850. To this factual question the state courts gave a direct answer, after an evidentiary hearing the adequacy of which Banks does not dispute. The finding is "fairly supported by the record", § 2254(d)(8), given the strength of the state's case independent of the confession and Banks's admitted desire to do what was necessary to avoid a risk of execution. The district court properly treated the state court's finding as conclusive.

AFFIRMED.