73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Kenny SMITH, Petitioner-Appellant,
v.
Craig A. HANKS, Respondent-Appellee.
 No. 95-2305.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1995.*
Decided Dec. 18, 1995.
 
 Before FLAUM, MANION, and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Kenny Smith appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. He argues that his guilty plea in Indiana state court was not voluntary, knowing, and intelligent, and that he was denied effective assistance of counsel in connection with his decision to plead guilty. We affirm.
 
 
 2
 Smith entered a plea of guilty to a charge of kidnapping on May 24, 1985, the date his jury trial was scheduled to begin. As part of the plea agreement, the prosecutor agreed to dismiss a companion robbery charge. The court accepted the plea and took the plea agreement under advisement pending preparation of a presentence report.[1] At the sentencing hearing, Smith made an oral motion to withdraw his guilty plea on the grounds that he did not commit the crime, and that he had not understood the nature of his right to trial by jury and the right to subpoena witnesses to testify.[2] The court refused to permit him to withdraw his plea and sentenced him to the statutory maximum of fifty years imprisonment.
 
 
 3
 Smith did not directly appeal his conviction. Instead, on October 5, 1988, he brought a post-conviction petition for relief. The petition was denied by the trial court, and the denial affirmed on direct appeal, see Smith v. State, No. 49A05-9307-PC-254 (Ind.App.Ct., 1st Dist. May 19, 1994) (unpublished decision). Smith then brought the present petition for a writ of habeas corpus.
 
 
 4
 Due process requires that a defendant's guilty plea be voluntary and intelligent. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). A valid guilty plea should represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). In pleading guilty, the defendant must be apprised of three fundamental rights: the privilege against compulsory self-incrimination, the right to a jury trial, and the right to confront one's accusers. Boykin, 395 U.S. at 242-43; United States v. Henry, 933 F.2d 553, 559 (7th Cir.1991), cert. denied, 503 U.S. 997 (1992).
 
 
 5
 A review of the plea colloquy demonstrates that Smith was provided sufficient information about his constitutional rights to render the plea voluntary and intelligent, and that he expressed unqualified assent when asked if he understood his rights. The trial court's inquiry was thorough, and Smith expressed no reservations or hesitation. Moreover, "[o]n collateral attack, a silent record supports the judgment; the state receives the benefit of a presumption of regularity and all reasonable inferences." Higgason v. Clark, 984 F.2d 203, 208 (7th Cir.1993) (citing Parke v. Raley, 113 S.Ct. 517, 523 (1992)), cert. denied, 113 S.Ct. 2974 (1993).
 
 
 6
 Smith also argues that he was denied effective assistance of counsel because his attorney did not indicate that he could raise an alibi defense and could subpoena out-of-state witnesses to testify. He claims that he was applying for a job at a company in another state on the day of the kidnapping. When counsel spoke to the owners of the company, they confirmed that they had spoken to Smith "on or near" the date of the attack.
 
 
 7
 To demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, Smith must show "that counsel's representation fell below an objective standard of reasonableness" and, additionally, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). This standard applies equally to the assistance of counsel in entering a guilty plea; and to demonstrate prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Banks v. Hanks, 41 F.3d 1187, 1189 (7th Cir.1994). The court's inquiry must also assess whether the asserted defense "would have likely succeeded at trial." Hill, 474 U.S. at 59-60. In any event, "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." Strickland, 466 U.S. at 696.
 
 
 8
 The Strickland inquiry presents mixed questions of law and fact, and is therefore subject to our independent review. Sullivan v. Fairman, 819 F.2d 1382, 1393 (7th Cir.1987). It is Smith's burden to prove both the performance and prejudice prongs. Id. at 1390. In this case, the Indiana Court of Appeals found that he would have persisted in pleading guilty even if he had been fully informed of the rights he claims were omitted. This assessment of his probable state of mind is a finding of fact that, on collateral attack, we must presume to be correct under 28 U.S.C. Sec. 2254(d).[3] See also Banks, 41 F.3d at 1189 (mental state is question of fact entitled to presumption); Lewis v. Huch, 964 F.2d 670, 671 (7th Cir.1992). Smith has not demonstrated that this factual determination was erroneous. Given the weakness of his alleged alibi defense, we would be hard pressed to find either prong of the Strickland test satisfied.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 At the sentencing hearing, defense counsel stated that he thought that the court had not accepted the guilty plea, but had taken it under advisement. The transcript of the plea hearing indicates unequivocally that the trial court accepted the plea. (Plea Hearing Tr. at 19.)
 
 
 [2]
 The transcript indicates that Smith did not discuss his alleged misunderstanding of his rights with his attorney until the morning of the hearing
 
 
 [3]
 Section 2254(d) provides for certain exceptions to this rule, none of which is satisfied here