81 F.3d 163
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Guy MURRAY, Petitioner-Appellant,
v.
Richard B. GRAMLEY, et al., Respondents-Appellees.
 No. 94-3181.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1996.*
Decided March 25, 1996.
 
 Before CUMMINGS, BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Guy Murray was convicted of murder and robbery and sentenced to concurrent forty-year sentences by an Illinois state court. Murray sought a petition for a writ of habeas corpus, 28 U.S.C. § 2254. The district court denied the petition and Murray appealed. We affirm.
 
 FACTS
 
 2
 On September 27, 1987, Murray and his cohorts were in Chicago, Illinois stealing cars from a hotel parking lot for use in planned jewelry store robberies. During the course of the crime, one of Murray's accomplices shot and killed the parking lot attendant, Vipinchadra Patel.
 
 
 3
 On October 1, 1987, Murray and an accomplice were arrested for committing an armed robbery at a jewelry store in Villa Park, Illinois. The arrest occurred as a consequence of police surveillance of the vehicle suspected of having been utilized in the Villa Park robbery. At his arraignment, the state judge appointed a public defender to represent Murray in connection with the Villa Park robbery. While in custody for the Villa Park robbery, and after being advised of his Miranda rights, Murray was questioned regarding the car thefts and the murder of the parking lot attendant. Murray made incriminating statements about these crimes, and he was subsequently indicted for them.
 
 
 4
 Prior to trial, Murray moved to suppress his incriminating statements, maintaining that he asked for counsel during the interrogation before making the statements. Several police officers, however, testified that Murray never requested counsel or indicated he wished to remain silent. The state judge credited the officers' account and denied the motion. After a bench trial, Murray was convicted of the murder and robbery of Patel.
 
 
 5
 Murray appealed the conviction, arguing that the initial appointment of counsel for the Villa Park robbery triggered his Fifth Amendment right to counsel, which tainted his subsequent custodial statements regarding Patel's murder. The state appellate court affirmed the conviction, relying largely upon McNeil v. Wisconsin, 501 U.S. 171 (1991). The Illinois Supreme Court declined review. Murray subsequently brought a pro se post-conviction petition, which was summarily denied. Counsel was appointed to represent Murray on post-conviction appeal, but counsel filed an Anders brief. See Anders v. California, 386 U.S. 738 (1967). The state appellate court denied the petition, summarily concluding there were no non-frivolous issues. The Illinois Supreme Court again declined review.
 
 
 6
 Murray next filed a habeas petition, 28 U.S.C. § 2254, alleging that:
 
 
 7
 1. his incriminating statements were inadmissible because the initial appointment of counsel triggered Murray's Fifth Amendment right to counsel;
 
 
 8
 2. post-conviction appellate counsel was ineffective due to a conflict of interest;
 
 
 9
 3. counsel was ineffective at trial and on appeal for failing to challenge his arrest and an improperly suggestive identification;
 
 
 10
 4. the state trial court erred in failing to grant a hearing in connection with Murray's post-conviction petition.
 
 
 11
 The district court denied the petition, and Murray raises essentially the same issues on appeal.
 
 ANALYSIS
 1. Fifth Amendment Right to Counsel
 
 12
 Murray asserts that by accepting counsel to represent him at his arraignment for the Villa Park robbery, he was not only asserting his right to counsel under the Sixth Amendment but also asserting his right to counsel under the Fifth Amendment.[1] Murray maintains that his statements in the subsequent custodial interrogation were therefore tainted and inadmissable. This argument is foreclosed by the Supreme Court's decision in McNeil v. Wisconsin, 501 U.S. 171 (1991).[2]
 
 
 13
 In McNeil, which involved facts nearly identical to those in the instant case, the Supreme Court held that the invocation of the defendant's Sixth Amendment right to counsel at arraignment with regard to a specific charged offense was not also an invocation of the Fifth Amendment right to counsel. 501 U.S. at 177-80. Thus, even after the invocation of the Sixth Amendment right to counsel, the police may question the defendant, after providing appropriate Miranda warnings, regarding unrelated crimes. Id. See also Banks v. Hanks, 41 F.3d 1187, 1189 (7th Cir.1994).
 
 
 14
 In the alternative, Murray argues that he specifically asked for counsel during the subsequent custodial interviews. At the suppression hearing, several police officers testified to the contrary, and the state court concluded that Murray's account was not credible. The district court concluded that this was a finding of fact entitled to deference under 28 U.S.C. § 2254(d). This court has held that the determination whether a defendant invoked his Miranda rights is ordinarily a finding of fact. Lord v. Duckworth, 29 F.3d 1216, 1220 (7th Cir.1994).[3] The state court's finding, which is based entirely on the assessment of witness credibility, is entitled to deference.
 
 
 15
 2. Ineffective Assistance of Trial and Appellate Counsel
 
 
 16
 Murray maintains that trial counsel was ineffective for failing to challenge his allegedly illegal arrest and for failing to move to suppress an improperly suggestive identification. Murray also maintains that appellate counsel was ineffective for failing to argue trial counsel's failures on appeal. To prevail on an ineffective assistance of counsel claim, the petitioner must show that "counsel's performance fell below an objective standard of reasonableness and that this deficient performance so prejudiced his defense as to deprive him of a fair trial." United States v. Trevino, 60 F.3d 333, 338 (7th Cir.1995). Murray's claims fail because he cannot show prejudice.
 
 
 17
 Murray's claim that he was arrested without probable cause is unavailing. "An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." United States v. Crews, 445 U.S. 463, 474 (1980). Further, Murray's only argument that his arrest was without probable cause was that the rental car the police were surveilling had not yet been reported stolen. This is largely irrelevant, as Murray concedes that the arresting officers had been informed by their superiors immediately prior to the arrest that the vehicle had been utilized in the Villa Park robbery and had been obtained fraudulently from the rental car company. (See Murray's Brief at 14; Murray's Appendix, Police Report).
 
 
 18
 As to the suggestive identification, Murray only argues that his co-defendant Andre Carroll's counsel had moved to suppress the identification and prevailed. This argument fails. The identification pertained to the Villa Park robbery, not to the crimes that are the subject of his petition. Murray's conviction for the relevant crimes was largely based upon his confession, which he gave after being legally arrested and advised of his rights. Murray makes no showing how counsel's failure to move to suppress the identification in any way prejudiced his defense or cast doubt on the fairness of his trial.
 
 3. Other Claims
 
 19
 Murray's remaining claims can be disposed of in short order. Murray claims he was denied effective assistance of counsel in his post-conviction petition because counsel had a conflict of interest.[4] However, because there is no constitutional right to counsel in state post-conviction proceedings, "a petitioner cannot claim constitutionally ineffective assistance in such proceedings." Coleman v. Thompson, 501 U.S. 722, 752 (1991).
 
 
 20
 Second, Murray claims that the state court improperly failed to hold a hearing in connection with his post-conviction petition. As stated, this appears to be a claim that the state court did not follow state procedural rules. Violations of state law are not cognizable in a habeas proceeding. See Biskup v. McCaughtry, 20 F.3d 245, 247 (7th Cir.1994).
 
 
 21
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; and accordingly, the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The distinction is critical. The Sixth Amendment right is offense specific, and once invoked invalidates any subsequent waivers in police-initiated interviews concerning the charged offense. McNeil, 501 U.S. at 175-76. The Fifth Amendment right (Miranda-Edwards) is not offense specific, and once invoked the defendant may not be questioned regarding any offense unless counsel is present. Id. at 176-77
 
 
 [2]
 Murray relies heavily on this court's decision in Espinoza v. Fairman, 813 F.2d 117 (7th Cir.1987), which predates McNeil and reaches exactly the opposite result. While Espinoza has not been expressly disavowed by this court, it has obviously been superseded as to this issue
 
 
 [3]
 We note that while this appeal was pending, the Supreme Court issued a decision in Thompson v. Keohane, 116 S.Ct. 457 (1995). In Thompson, the Supreme Court emphasized that certain state court determinations, such as whether a suspect was "in custody" and whether a statement is "voluntary," are not entitled to deference as fact findings pursuant to 28 U.S.C. § 2254(d). Id. at 465. The Court noted that such determinations have two components, the surrounding circumstances of the situation and the legal conclusion to be drawn from these circumstances. Id. The assessments of the former, which consists of determinations of what actions occurred and who said what, are distinctly factual and entitled to deference. Id. The ultimate conclusion to be drawn from the circumstances, however, is a question of law. Id. Viewing Murray's arguments broadly, as a challenge to the voluntariness of the statements, does not change the result. Murray's only argument that his statements were inadmissable was his claim that he asked for counsel. Once this historical fact was decided against him, the legal conclusion became obvious
 
 
 [4]
 Post-conviction counsel was a member of the same Public Defender's Office as trial counsel