**Edwardo RIVERA, Petitioner–Appellee,**

v.

**SHERIFF OF COOK COUNTY, Respondent–Appellant.**

No. 98–1703.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 28, 1998.

Decided Dec. 3, 1998.

Frederick F. Cohn (argued), Chicago, IL, for Petitioner–Appellee.

Richard A. Devine, Office of the State's Attorney of Cook County, Alan J. Spellberg (argued), Office of the State's Attorney of Cook County, Criminal Appeals Division, Chicago, IL, for Respondent–Appellant.

Before CUDAHY, EASTERBROOK, and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

At the conclusion of a bench trial, the judge convicted Edwardo Rivera of murder. Two months later, on the date set for sentencing, Rivera's lawyer asked the judge to hold a new trial, contending that the eyewitness identification of Rivera as the killer was uncorroborated and may have been influenced by a suggestive photographic identification. After hearing argument, Judge Strayhorn (of the Circuit Court of Cook County) stated:

> This being a single witness identification case in essence the law is [that] a single witness must convince the trier of fact beyond a reasonable doubt of that identification. Next going over the transcripts and listening to arguments the Court is of the opinion that the Court could have made a mistake in this case. And this being a murder case I am not going to take the chance of my mistake leading this man to be wrongfully convicted. I am going to grant his motion for me to reconsider. I will vacate the finding of guilt, reinstate his plea of not guilty. And I am going to order that he be back here to stand trial before another Judge in this courtroom on February [16, 1995]. . . . [W]e will send it to some other Judge for trial. I will not retry this case.

Ever since, the parties have been debating whether the second trial Rivera sought and obtained would violate the double jeopardy clause of the Constitution.

 Rivera's opposition to the (favorable) outcome of his own motion is a peculiar reason for such a long delay, now approaching four years, because it has been settled for a long time that the double jeopardy clause does not forbid a second trial when the defendant persuades a court to overturn the outcome of the first. The double jeopardy clause gives the defendant a right to keep a favorable disposition, but it does not bind him to an unfavorable turn of events if he prefers to take his chances anew. Thus if the defendant asks for a mistrial, there is no constitutional problem with another trial. *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). If the defendant appeals a conviction, reversal may be followed by a new trial. *United States v. Ball*, 163 U.S. 662, 672, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); *Burks v. United States*, 437 U.S. 1, 13–16, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Closer to the point, if after being

found guilty the defendant seeks a retrial in the interest of justice under Fed.R.Crim.P. 33 or its counterparts in state practice— perhaps because the evidence is at the borderline of legal sufficiency—the double jeopardy clause does not prevent a court from fulfilling the accused's request. *Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); *Hudson v. Louisiana*, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981). If it were impossible to hold a new trial when the evidence was close to the line or otherwise questionable, then more defendants would stand convicted on weak evidence; courts would enforce thinly supported verdicts if the only alternative were acquittal. *Tibbs*, 457 U.S. at 45 n. 22, 102 S.Ct. 2211.

■■■ Rivera asked for a new trial rather than acquittal. The judge's statement that "the Court *could have* made a mistake in this case" (emphasis added) sounds like a conclusion that uncertainty justifies a new trial in the interest of justice. Other parts of the brief exposition sound more like a conclusion that the evidence just did not persuade him as trier of fact, which would amount to an acquittal. Which reading is best? Judge McSweeney–Moore (who was to preside at the second trial and denied Rivera's motion to dismiss), and the state's court of appeals (which affirmed on an interlocutory appeal), understood Judge Strayhorn the former way rather than the latter. Judge McSweeney– Moore remarked that Judge Strayhorn, who has served since 1970, knows how to enter an acquittal and would not have set the case for a new trial had he disbelieved the eyewitness. The court of appeals concurred in an unpublished order. *People v. Rivera*, No. 1– 95–0978 (Ill.App. 1st Dist. Dec. 26, 1996). But the federal district court issued a writ of habeas corpus under 28 U.S.C. § 2254, reasoning:

> The trial judge in this case had a legal obligation to deny the new trial motion (which was based on the sufficiency of the evidence) and sustain the conviction if he was convinced beyond a reasonable doubt of petitioner's guilt. We presume that he knew the law and applied it in making his ruling. The irresistible inference, therefore, is that by reconsidering the finding of

guilt, vacating the conviction and ordering a new trial, the trial judge acquitted petitioner.

1998 U.S. Dist. Lexis 2250 at *15 (citations omitted). Under the double jeopardy clause an acquittal in a bench trial is conclusive. *Finch v. United States*, 433 U.S. 676, 97 S.Ct. 2909, 53 L.Ed.2d 1048 (1977). Yet the cornerstone of the district judge's approach— the reason he thought that Judge Strayhorn *must* have acquitted Rivera—is a belief that Illinois prohibits a judge from granting a retrial in the interest of justice following a bench trial; the judge must either convict or acquit. This contradicts the conclusion the state's appellate court reached in this very case, as well as other authority recognizing that in Illinois judges have *three* options following a bench trial: conviction, acquittal, or a new trial (because of legal errors in the first trial, or in the interest of justice). See *People v. Castiglione*, 75 Ill.App.3d 469, 31 Ill.Dec. 405, 394 N.E.2d 607 (1st Dist.1979); cf. Ill. Sup.Ct. R. 615(b); *People v. Jones*, 286 Ill.App.3d 777, 222 Ill.Dec. 131, 676 N.E.2d 1335 (1st Dist.1997). Federal judges may not issue writs of habeas corpus based on interpretations of state law that depart from the views the state courts themselves hold. *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

Evidence in the case was legally sufficient to convict Rivera. Someone shot and killed Weydowing LaPorte and tried to kill Jacqueline Vicario and Samuel Aponte, the passengers in his car. Vicario survived the spray of bullets and identified Rivera, a member of a rival gang, as the assassin. One eyewitness is enough, if the trier of fact believes that witness, as Judge Strayhorn did (at least immediately after the close of the evidence). *Burks*, which holds that an appellate court's decision that the evidence is insufficient precludes a retrial, therefore does not assist Rivera. (Because the state's appellate court examined the evidence and found it sufficient, the holding of *Richardson v. United States*, 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984), that *Burks* is limited to cases in which the court *did* find the evidence insufficient independently precludes reliance on *Burks*.) So unless there is compelling support for the conclusion that, despite the

state courts' contrary decisions, Judge Strayhorn actually acquitted Rivera—which is to say, resolved in his favor at least one of the factual elements of the offense, see *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977)—the state is entitled to retry him.

One might suppose that whether Judge Strayhorn made such a finding is a question of fact, on which the state courts' negative answer is presumed to be correct. 28 U.S.C. § 2254(e)(1). (Because Rivera's petition was filed after April 24, 1996, we cite § 2254 as amended by the Antiterrorism and Effective Death Penalty Act. See *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).) Interpretation of an ambiguous statement by a judge does not present any question of constitutional law. The question is what the speaker sought to convey, not what a rule of law compels the state to do; it is a question of fact for the same reason that "the state of a man's mind is as much a fact as the state of his digestion." *Edgington v. Fitzmaurice*, 29 Ch. Div. 459, 483 (1885). See *Banks v. Hanks*, 41 F.3d 1187, 1189 (7th Cir.1994). In *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), a companion to *Burks*, the state court issued an ambiguous opinion that could have been read to say that the evidence was legally insufficient, but also could have been read in other ways. The Supreme Court held that the state courts should themselves determine the right way to understand their pronouncements. See also *Tibbs*, 457 U.S. at 47 n. 24, 102 S.Ct. 2211, another case in which the defendant insisted that a state court acquitted him: "the meaning attached to an ambiguous prior reversal is a matter of state law." Whether the meaning of Judge Strayhorn's oral statement is a question of fact or of state law, the upshot is the same: a federal court may not reach an independent conclusion on the subject, but must respect the state courts' resolution.

Nonetheless, the lawyers representing Illinois in this case have declined to rely on § 2254(e)(1) and do not contend that state law is dispositive. Although *Kamen v. Kemper Financial Services, Inc.*, 500 U.S. 90, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991), shows that we may disregard litigants' positions about choice-of-law issues, it is not necessary to follow that course today. Even if § 2254(d) supplies the standard, the state must prevail. As amended by the AEDPA, this statute reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The state courts' conclusion that Judge Strayhorn did not acquit Rivera cannot be called "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." It is a plausible descrambling of an ambiguous oral remark. Likewise the state courts' conclusion cannot be called "contrary to, or ... an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States". No rule of federal law tells state courts how to interpret ambiguous judicial statements; as *Greene* and *Tibbs* say, the subject is not governed by federal law at all. Necessarily, therefore, the state courts did not apply the (nonexistent) federal law unreasonably.

The only rule of federal law in the picture is the norm that an acquittal following the attachment of jeopardy bars a second trial. *Sanabria v. United States*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978); *Fong Foo v. United States*, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962). (It does not preclude the possibility of replacing the acquittal with a conviction, if that can be done without a second trial. *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975).) But whether Judge Strayhorn resolved in Rivera's favor one or more of the

factual elements of the offense, and thereby acquitted him, is a subject to which constitutional law does not speak. This is one of the many subsidiary issues that a court must decide in the course of applying law to the facts of a given case, and which under § 2254(d)(1) may be overturned in collateral litigation only if the state court has acted unreasonably. See *Lindh v. Murphy*, 96 F.3d 856, 868–71 (7th Cir.1996) (en banc), reversed on other grounds, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). See also *Neelley v. Nagle*, 138 F.3d 917, 922–27 (11th Cir.1998). Judge Strayhorn did not say that he was acquitting Rivera or resolving any factual issue in his favor, and the Illinois courts did not act unreasonably in concluding that the order was not an acquittal.

REVERSED.

CUDAHY, Circuit Judge, concurring.

It seems to me that the reality of what Judge Strayhorn said and did may be reached a bit more directly than along the path followed by the majority.

The majority opinion speaks of a "retrial in the interest of justice ... perhaps because the evidence is at the border line of legal sufficiency." *Ante* at 487. In common parlance, I take this to be a reference to what follows a determination that a verdict is against the *weight* of the evidence. See *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). In the briefs of the parties and in the district court's opinion there is much discussion of the difference between a verdict that is against the weight of the evidence and one that is not supported by sufficient evidence. A verdict that is against the weight of the evidence may be followed by a retrial without violating the bar against double jeopardy. See, e.g., *id.* On the other hand, a verdict that is not supported by legally sufficient evidence operates as an acquittal and the principles of double jeopardy preclude a trial. See *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

However, here the defendant argues that "the distinction between reversals based on the legal insufficiency of the evidence and those where a reviewing court disagrees with the trier of fact's resolution of conflicting evidence and concludes that a guilty verdict is against the weight of the evidence,... simply do not apply where, [as in the present case], the judicial entity which set aside the guilty verdict is the same judicial entity that made the initial finding of guilty." Appellee's Br. at 8–9 (internal quotations omitted). The defendant also attributes to the district court the view that the "distinction between reversals based on insufficiency and those based on weight is meaningless in situations where ... the trier of fact was the same entity as the person or court setting aside the conviction." *Id.* at 9. And the district court seems to take this analysis one step farther when in its opinion it says, "To say that [Judge Strayhorn] granted a new trial because he personally weighed the evidence and was unconvinced is, therefore, the same as saying he acquitted the defendant." Appellant's Br., App. A (Dis. Ct. Mem. Op. at 10).

But it seems to me that if, as it appears, Judge Strayhorn's decision was that his prior decision was against the weight of the evidence, then his decision on the defendant's motion was to vacate and nullify his prior decision and, in effect, to decline to make a decision. That his prior decision may, on second thought, have appeared to have been against the weight of the evidence does not mean that it was unsupported by substantial evidence. From this perspective, Judge Strayhorn granted a new trial because he had withdrawn and vacated the decision that he had previously made. His stance in declining to decide was analogous to that of a hung jury.

Retrial after a jury fails to reach a verdict is not barred by considerations of double jeopardy. See, e.g., *Richardson v. United States*, 468 U.S. 317, 323–25, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984). Similarly, the failure or refusal of a judge at a bench trial to enter a decision presumably has no double jeopardy effect. Cf. *Wade v. Hunter*, 336 U.S. 684, 688–89, 69 S.Ct. 834, 93 L.Ed. 974 (1949). And the same result would follow when after a bench trial a judge vacates a decision already made. This is certainly the case if the defendant *sought* a new trial based on the setting aside of the decision reached in the first one. See *North Carolina v. Pearce*, 395 U.S. 711, 720, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Whether it would be equally the case

if the court *sua sponte* vacated its own decision (assuming that this were authorized) need not be decided here. Judge Strayhorn was, after all, responding to a motion.

The district court, reviewing the arguments made to Judge Strayhorn, his review of the evidence and other related factors, stated: "We find clear from the record that the judge vacated the conviction because, in light of the evidence, he was not convinced beyond a reasonable doubt of petitioner's guilt." Appellant's Br., App. A (Dis. Ct. Mem. Op. at 8). Significantly, the district court did not find that Judge Strayhorn vacated the conviction because no reasonable factfinder could have been convinced beyond a reasonable doubt of Rivera's guilt; the district judge did not say that "acquittal was the only proper verdict." *Tibbs*, 457 U.S. at 42, 102 S.Ct. 2211. Even if the district court's reading of Judge Strayhorn's record is correct, the judge's after-acquired reasonable doubt serves only to vacate the prior decision, not to modify it into an acquittal. His doubt is not, as I have indicated, "the same as saying he acquitted the defendant." *See id.* at 42 n. 17, 102 S.Ct. 2211 ("disagreements among jurors or judges do not themselves create a reasonable doubt of guilt"). Hence, there is no double jeopardy here.