## FINCH *v.* UNITED STATES

No. 76–1206.   Decided June 29, 1977

PER CURIAM.

In an information filed in the United States District Court for the District of Montana, petitioner was charged with knowingly fishing on a portion of the Big Horn River in Montana reserved for use by the Crow Indians, in violation of 18 U. S. C. § 1165.   The case was submitted to the District Court on an agreed statement of facts, which showed that petitioner had cast his lure into the river while standing on land owned by the State of Montana within the exterior boundaries of the Crow Reservation.   After considering the stipulated facts and reviewing the applicable treaties, the court dismissed the information for failure to state an offense. 395 F. Supp. 205 (1975).

On the Government's appeal, the Court of Appeals for the Ninth Circuit reversed.   548 F. 2d 822 (1976).   The court held that the appeal was permissible under 18 U. S. C. § 3731 and the Double Jeopardy Clause because, as in *United States* v. *Wilson,* 420 U. S. 332 (1975), no further factual proceedings would be required in the District Court in the event that its legal conclusions were found to be erroneous:

> "Here, as in *Wilson,* it is easy to separate factual resolutions from determinations of law.   No additional facts must be found to determine whether the stipulation supports the conviction of the defendant.   The only determination to be made is a legal one."   548 F. 2d, at 827.

On the merits, the court viewed the pertinent treaties differently from the District Court and held that petitioner had violated 18 U. S. C. § 1165 "by willfully and knowingly fishing without lawful authority or permission of the tribe." 548 F. 2d, at 835. The court directed entry of a judgment of conviction.

We think that the Court of Appeals was without jurisdiction to entertain the appeal. When the District Court dismissed the information, jeopardy had attached, see *Serfass* v. *United States,* 420 U. S. 377, 388 (1975), but no formal finding of guilt or innocence had been entered, see *United States* v. *Jenkins,* 420 U. S. 358 (1975); *Lee* v. *United States,* 432 U. S. 23, 28 n. 4, 29 n. 7 (1977). In these circumstances, the holding of *United States* v. *Wilson* is inapposite. A successful Government appeal "would not justify a reversal with instructions to reinstate the general finding of guilt: there was no such finding, in form or substance, to reinstate." *United States* v. *Jenkins, supra,* at 368. Absent a plea of guilty or nolo contendere, see Fed. Rule Crim. Proc. 11, a verdict or general finding of guilt by the trial court is a necessary predicate to conviction. See Rule 23 (c). Because the dismissal was granted prior to any declaration of guilt or innocence, "on the ground, correct or not, that the defendant simply cannot be convicted of the offense charged," *Lee, supra,* at 30, we hold that the Government's appeal was barred by the Double Jeopardy Clause.

We grant the petition for certiorari, vacate the judgment of the Court of Appeals, and remand to that court with directions that the appeal be dismissed. *It is so ordered.*

MR. JUSTICE STEVENS would grant certiorari and set the case for oral argument.

MR. JUSTICE REHNQUIST, with whom THE CHIEF JUSTICE joins, dissenting.

I dissent from the summary disposition of this case for two reasons. The first is that the factual assumption, made

both by the Court of Appeals for the Ninth Circuit and by this Court, that petitioner and respondent had agreed to submit the issue of guilt to the District Court on the "agreed statement of facts" is by no means clear from Judge Battin's principal opinion in this case, 395 F. Supp. 205. My second reason for disagreeing with summary disposition is that this Court has never passed on any claim of double jeopardy where the issues were submitted on an agreed statement of facts, rather than to a jury for its verdict or to the court for a finding of guilt or innocence after hearing witnesses. While I am not prepared to say that the Court's decision on the legal issue involved here is wrong, I am not sufficiently convinced that it is right so as to justify summary disposition without either argument or briefing on the merits.

The Court states that "[t]he case was submitted to the District Court on an agreed statement of facts," and "[a]fter considering the stipulated facts and reviewing the applicable treaties, the court dismissed the information for failure to state an offense." The Court of Appeals for the Ninth Circuit put the matter much the same way. Implicit in this statement is that the submission involved a waiver of petitioner's right to jury trial and both his and the Government's consent that the District Court decide the issue of guilt or innocence. The District Court's opinion in the case, however, is by no means clear on these points. That court put the matter this way:

> "On June 14, 1974, the defendant filed a motion to dismiss said information. The parties submitted extensive and well-considered memoranda of law. On September 4, 1974 an order was filed wherein I denied the motion to dismiss and noted that the information was sufficient on its face. An Agreed Statement of Facts and additional memoranda of law have been filed. Additionally, counsel for the Crow Tribe of Indians and the State of Montana, Department of Fish and Game, have appeared herein as *amici curiae.*

"After a thorough review of the file, I am compelled to reconsider my order dated September 4, 1974, wherein I denied defendant's motion to dismiss. I conclude that the information is not sufficient on its face for several reasons." *Id.,* at 207.

While this statement is by no means inconsistent with an agreement by the parties to submit the issue of guilt or innocence to the District Court, neither is it inconsistent with an agreement by the parties to submit on an agreed statement of facts a motion for reconsideration of the motion to dismiss the information, which the District Court had previously denied. This factual uncertainty, unless somehow clarified, would lead me to deny certiorari in this case in order that this Court not render an advisory opinion on what may be an important double jeopardy question.

The Court of Appeals, proceeding on the hypothesis that the case had been submitted to the District Court for a determination of guilt or innocence, as well as the sufficiency of the information, decided that jeopardy *had* attached. It therefore proceeded to inquire whether a reversal of the District Court's dismissal of the information would require further factual determinations, and therefore constitute double jeopardy under *United States* v. *Jenkins,* 420 U. S. 358 (1975), or would instead be governed by *United States* v. *Wilson,* 420 U. S. 332 (1975).

I agree with the Court that the Court of Appeals' alignment of this case with *Wilson* rather than with *Jenkins* was conclusory and gave too little attention to the ways in which this case differs from *Wilson.* But I do not think the opposite result is so obvious as to warrant summary disposition. In deciding the question of law which this case poses, I do not think we can ignore three double jeopardy decisions which have intervened since the *Jenkins-Wilson-Serfass* (*Serfass* v. *United States,* 420 U. S. 377 (1975)) trilogy of two years ago. *United States* v. *Dinitz,* 424 U. S. 600 (1976),

qualified the "manifest necessity" requirement of *United States* v. *Perez*, 9 Wheat. 579 (1824), where a mistrial was granted at the request of the defendant. Its stress on the absence of prosecutorial overreaching or misconduct, while in no way inconsistent with that trilogy, nonetheless emphasized more of a balancing and fairness test than the sort of "bright line" distinction set forth in *Wilson* and *Jenkins*. *United States* v. *Martin Linen Supply Co.*, 430 U. S. 564 (1977), and *Lee* v. *United States*, 432 U. S. 23 (1977), likewise read more in terms of balancing and of "double jeopardy values" than in terms of the strict *Wilson-Jenkins* distinction.

If there has been some shift in emphasis in the Court's cases this Term, it seems to me that the submission of the issue of guilt or innocence on an agreed statement of facts not only factually distinguishes this case from *Jenkins*, but is a factor to be weighed in any balancing test against a finding of double jeopardy. We have held that the Double Jeopardy Clause bars repeated prosecutions not only to reduce the possibility that an innocent man will finally be convicted, but to avoid subjecting defendants "to embarrassment, expense and ordeal and compelling [them] to live in a continuing state of anxiety and insecurity . . . ." *Green* v. *United States*, 355 U. S. 184, 187–188 (1957). See *United States* v. *Jorn*, 400 U. S. 470, 479 (1971). Since if the Court's factual hypothesis is right, the facts of this case are not in issue, not only is some of the embarrassment and ordeal absent, but the expense that would normally be involved in a full-scale retrial with its calling of witnesses for both sides is likewise avoided.

The factual uncertainties in this case are not entirely unrelated to the double jeopardy questions involved. Because we have never decided a case involving double jeopardy claims where the issue of guilt or innocence was submitted to the court on an agreed statement of facts without the calling of any witnesses, we have never had occasion to pass on

when jeopardy attaches in such a situation. Assuming that the factual uncertainties in the procedural history of the case can be clarified, and that the issue of guilt or innocence was submitted to the trial judge, I do not believe this case is controlled by *Jenkins*. The double jeopardy issues which it raises are not as straightforward as suggested in the Court's summary disposition. If the Court feels this case should be decided on the merits, I would therefore grant certiorari and have it briefed and argued.