**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Brent C. GAMBLE, Defendant–Appellant.**

Nos. 97–1181, 97–1238.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 21, 1997.

Decided April 3, 1998.

Jonathan Epstein (argued and briefed), Federal Public Defenders Office, Detroit, MI, for Defendant–Appellant.

David Debold (argued and briefed), Office of the U.S. Attorney, Detroit, MI, for Plaintiff–Appellee.

Before: SILER, BATCHELDER, and GIBSON *, Circuit Judges.

## OPINION

BATCHELDER, Circuit Judge.

This case presents us with the question of whether double jeopardy precludes a second prosecution of a defendant under the federal carjacking statute, where the first prosecution was dismissed for lack of the jurisdictional element before the case ever went to trial. For the reasons that follow, we hold that double jeopardy does not bar such a prosecution.

---

* The Honorable John R. Gibson, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

## I. BACKGROUND

On June 6, 1996, Brent Gamble was indicted on charges of carjacking, 18 U.S.C. § 2119, use of a firearm during a crime of violence, 18 U.S.C. § 924(c), and being a felon in possession of a firearm, 18 U.S.C. § 922(g). A jury trial was scheduled. Prior to trial, Gamble moved to dismiss the carjacking charge for lack of subject matter jurisdiction, claiming that the indictment contained no factual allegation sufficient to establish the requisite nexus between the vehicle and interstate commerce.

At the hearing on Gamble's motion, the district court judge considered briefs, as well as documentary evidence and oral argument. In order to meet the jurisdictional element of the carjacking statute, the government must prove that the automobile previously has been "transported, shipped, or received in interstate or foreign commerce." 18 U.S.C. § 2119. The government, however, had no proof that the car Gamble was accused of taking had ever left Michigan, where the carjacking took place. Instead, the government offered evidence that a significant percentage of the car's parts had been manufactured outside of Michigan.

On September 12, the district court granted Gamble's motion to dismiss the carjacking charge for lack of federal jurisdiction, concluding that the plain language of the carjacking statute requires that the fully-assembled motor vehicle, and not merely its component parts, have been involved in interstate commerce. The district court also dismissed the charge of use of a firearm during a crime of violence. Finally, on the government's motion, the district court dismissed the remaining felon-in-possession-of-firearm charge.

One month later, the government filed a superseding indictment charging violations of the same statutes. Instead of basing the indictment on a car parts theory, however, the government provided notice at a pretrial conference that it had evidence that the car had been transported outside the state of Michigan. Gamble promptly filed a motion

to dismiss based on double jeopardy, but the district court denied the motion.

Gamble then filed this interlocutory appeal.

## II. DISCUSSION

■ Gamble argues that the district court's dismissal of the first indictment constituted an acquittal, and that subsequent prosecution for the same offense is therefore barred under the Double Jeopardy Clause of the Fifth Amendment. The government responds that there is no double jeopardy problem because jeopardy had not yet "attached" at the time of the hearing on Gamble's motion to dismiss the original carjacking charge. The government has the better argument.

■ It has long been established that jeopardy does not attach until "the defendant is put to trial before the trier of facts." *United States v. Jorn,* 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971). *See also Green v. United States,* 355 U.S. 184, 188, 78 S.Ct. 221, 223–24, 2 L.Ed.2d 199 (1957) (holding that "a [criminal] defendant is placed in jeopardy once he is put to trial before a jury"). The policy underlying the Double Jeopardy Clause "is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Jorn,* 400 U.S. at 479, 91 S.Ct. at 554. Where, as here, the indictment is dismissed by the judge on a pre-trial motion, none of these concerns is implicated. Gamble has endured none of the "embarrassment, expense, and ordeal" of criminal trial. More importantly, he was never at risk of having the court determine his guilt. As the Supreme Court held in *Serfass v. United States,* 420 U.S. 377, 391–92, 95 S.Ct. 1055, 1064–65, 43 L.Ed.2d 265 (1975), "Without risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy."

In *Serfass,* the defendant, David Emery Serfass, had been indicted for failing to report for and submit to induction into the military. 420 U.S. at 379, 95 S.Ct. at 1058. Serfass had previously filed for conscientious objector status, but had been summarily denied by the local Selective Service Board. Like Gamble, Serfass was scheduled for a jury trial and never waived his right to a jury trial. Also like Gamble, Serfass filed a motion to dismiss the indictment before the jury trial had begun. The district court granted Serfass's motion on the grounds that the Selective Service Board had not stated adequate reasons for its refusal of Serfass's conscientious objector request. The Supreme Court held that double jeopardy did not preclude a second trial on the same charges because Serfass had not been put in front of a jury with the power to find him guilty. *Id.* at 394, 95 S.Ct. at 1065–66. In so holding, the Supreme Court specifically rejected the argument that a pretrial dismissal of an indictment based on evidentiary facts outside the indictment is the functional equivalent of an "acquittal" for double jeopardy purposes. *Id.* at 393, 95 S.Ct. at 1065.

Inexplicably, Gamble cites *Serfass* for the very proposition it rejected; namely, that a pretrial dismissal of an indictment based on evidentiary facts outside the indictment is the functional equivalent of an "acquittal" for double jeopardy purposes. Gamble quotes, out of context, the following sentence:

"If an indictment is dismissed as a result of a stipulated fact or the showing of evidentiary facts outside the indictment, which facts would constitute a defense on the merits at trial, no appeal is available."

*Serfass,* 420 U.S at 393, 95 S.Ct. at 1065 (quoting *United States v. Brewster,* 408 U.S. 501, 92 S.Ct. 2531, 33 L.Ed.2d 507(1972)). Had Gamble quoted the full paragraph in which that sentence appears, he could not have overlooked the fact that the *Serfass* Court was quoting *Brewster* to demonstrate that *Brewster* did not apply to double jeopardy situations. The full paragraph reads as follows:

"Similarly, petitioner's reliance on *United States v. Brewster* is misplaced. The question in that case was whether the Court

had jurisdiction under 18 U.S.C. § 3731 to review the district Court's (pretrial) dismissal of the indictment against appellee. In the course of concluding that there was jurisdiction, we observed: 'Under *United States v. Sisson,* 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970) an appeal does not lie from a decision that rests, not upon the sufficiency of the indictment alone, but upon extraneous facts. If an indictment is dismissed as a result of a stipulated fact or the showing of evidentiary facts outside the indictment, which facts would constitute a defense on the merits at trial, no appeal is available.' The question at issue in *Brewster,* [and] the question decided in *Sisson* ... demonstrate beyond question that this passage in *Brewster* was not concerned with the constitutional question which ... is before us in this case."

*Serfass,* 420 U.S at 393, 95 S.Ct. at 1065 (citations omitted). According to the *Serfass* Court, *Brewster* and *Sisson* dealt not with the Double Jeopardy Clause of the Fifth Amendment, but with the statutory limits imposed on government appeals contained in 18 U.S.C. § 3731 prior to the 1970 amendments to that statute. *Id.* Thus, Gamble's citation to *Serfass* explicitly disproves his point.

Gamble next argues, despite the overwhelming weight of case law to the contrary, that jeopardy attached at the time of the pretrial jurisdictional hearing because the judge heard evidence on the jurisdictional issue. This cannot be correct. This case was scheduled for jury trial and Gamble never waived his right to a jury trial. Nor could he have done so without the consent of the government. *See* FED.R.CRIM.P. 23(a). None of the parties considered the pre-trial hearing to be a bench trial.

■ Indeed, the pre-trial hearing was held specifically for the purpose of determining whether or not the district court had the jurisdiction to hear the case at all. The court found that it did not. It is axiomatic that a defendant cannot be in jeopardy (*i.e.,* in danger of being found guilty) until he is placed "before a trier 'having jurisdiction to try the question of the guilt or innocence of the accused.'" *Serfass,* 420 U.S. at 391, 95 S.Ct.

at 1064 (quoting *Kepner v. United States,* 195 U.S. 100, 133, 24 S.Ct. 797, 806, 49 L.Ed. 114 (1904)). Without the risk of a guilty verdict, there is no jeopardy. In the present case, Gamble was never in danger of being found guilty by the district court judge. The results of the pre-trial hearing demonstrated that, under then-existing circumstances, the district court did not have the jurisdiction even to hear the case, much less to hand down a guilty verdict.

Gamble, however, remains undeterred. He cites *Finch v. United States,* 433 U.S. 676, 97 S.Ct. 2909, 53 L.Ed.2d 1048 (1977), for the proposition that a pretrial order of dismissal can trigger double jeopardy protection. In *Finch,* however, the entire case had been submitted to the district court on an agreed statement of facts. 433 U.S. at 676. Next, Gamble cites *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977), but in that case the dismissal came only after the jury had deadlocked. Gamble misses again when he cites *Lee v. United States,* 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977), involving a bench trial where the judge dismissed the case after hearing the evidence and after the defense had rested its case. Finally, Gamble cites *United States v. Neal,* 93 F.3d 219 (6th Cir.1996), in which defendant moved for acquittal at the close of the government's argument. None of these cases bears any relation to the present inquiry. In each of them, jeopardy had attached because the defendant had been placed in front of the trier of fact; *i.e.,* the defendant was in danger of being found guilty. Unlike the defendants in those cases, Gamble was never before a trier of fact with the power to find him guilty.

### III.

For these reasons, we AFFIRM the decision of the district court denying Gamble's motion to dismiss on double jeopardy grounds.